UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

D'ANDRE ALEXANDER #731077,

    Plaintiff,

v.                                                 Case No. 2:16-cv-166
                                                 HON.  GORDON J. QUIST
FRED GOVERN,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff D'Andre Alexander filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, against Defendant Fred Govern.  Defendant Govern has moved for summary judgment on the grounds that Plaintiff failed to exhaust his administrative remedies.  (ECF No. 12.)  Plaintiff has responded.  (ECF No. 16.)  This matter is now ready for decision.

In his complaint, Plaintiff alleges that Defendant Govern refused to send out his legal mail in retaliation for filing grievances and lawsuits on three different occasions.  First, on May 14, 2015, Plaintiff alleges that Defendant Govern took three pieces of mail from Plaintiff.  Although Defendant Govern eventually gave one piece of mail back to Plaintiff, he did not return the other two pieces of mail and refused to send them.  Next, on May 20, 2015, Plaintiff alleges that Defendant Govern picked up some legal mail from Plaintiff's cell and told him that he would send it.  However, Defendant Govern never sent the mail.  A similar scenario occurred again on December 16, 2015.

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a

matter of law. Fed. R. Civ. P. 56(c); *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see also Tucker v. Union of Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

A prisoner's failure to exhaust his administrative remedies is an affirmative defense, which Defendants have the burden to plead and prove. *Jones v. Bock*, 549 U.S. 199, 212-16 (2007). A moving party without the burden of proof need show only that the opponent cannot sustain his burden at trial. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)).

The United States Court of Appeals for the Sixth Circuit repeatedly has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

Pursuant to the applicable portion of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001). A prisoner must first exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones v. Bock*, 549 U.S. 199, 218-19 (2007); *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 549 U.S. at 218-19. In rare circumstances, the grievance process will be considered unavailable where officers are unable or consistently unwilling to provide relief; where the exhaustion procedures may provide relief, but no ordinary prisoner can navigate it; or "where prison administrators thwart inmates from taking advantage

of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 136 S.Ct. 1850, 1859-60 (2016).

MDOC Policy Directive 03.02.130 (effective July 9, 2007), sets forth the applicable grievance procedures for prisoners in MDOC custody at the time relevant to this complaint. Inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control. *Id.* at ¶ P. If oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted oral resolution. *Id.* at ¶¶ P, V. The Policy Directive also provides the following directions for completing grievance forms: "The issues should be stated briefly but concisely. Information provided is to be limited to the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ R (emphasis in original).[1] The inmate submits the grievance to a designated grievance coordinator, who assigns it to a respondent. *Id.* at ¶ V.

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within ten business days of the response, or if no response was received, within ten days after the response was due. *Id.* at ¶¶ T, BB. The respondent at Step II is designated by the policy, *e.g.,* the regional health administrator for a medical care grievances. *Id.* at ¶ DD. If the inmate is still dissatisfied with the Step II

---

[1] In *Holoway v. McClaren*, No. 15-2184 (6th Cir., April 7, 2016) (unpublished), the Sixth Circuit concluded that where a plaintiff fails to name each defendant in his grievance, the un-named defendants may not be dismissed for failure to exhaust grievance remedies if the MDOC did not reject the grievance under the policy requiring a grievant to name each individual involved. The Sixth Circuit stated: "Because MDOC officials addressed the merits of Holloway's grievance at each step and did not enforce any procedural requirements, Holloway's failure to identify the defendants named in this lawsuit and to specify any wrongdoing by them in his grievances cannot provide the basis for dismissal of his complaint for lack of exhaustion." *Id*. at 3. The Sixth Circuit failed to provide any guidance as to how the MDOC might determine who the plaintiff intended to name in a future federal lawsuit at the time the plaintiff filed his Step I grievance.

response, or does not receive a timely Step II response, he may appeal to Step III using the same appeal form.  *Id.* at ¶¶ T, FF.  The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due.  *Id.* at ¶¶ T, FF.  The Grievance and Appeals Section is the respondent for Step III grievances on behalf of the MDOC director.  *Id.* at ¶ GG.  "The total grievance process from the point of filing a Step I grievance to providing a Step III response shall generally be completed within 120 calendar days unless an extension has been approved . . . ."  *Id.* at ¶ S.

In this case, Defendant Govern argues that Plaintiff failed to exhaust his administrative remedies because he never appealed any grievances through Step III.  Defendant Govern is correct—the Step III Grievance Report shows that Plaintiff never filed a grievance related to his allegations in this case through Step III.  Thus, it would appear that Plaintiff failed to exhaust his administrative remedies.

However, Plaintiff alleges that he attempted to follow the grievance procedure, but several prison officials prevented him from complying with the procedure.  First, Plaintiff describes how he attempted to comply with the MDOC grievance procedure as it relates to the alleged events that occurred on May 14, 2015.  Plaintiff filed a grievance with the allegations on May 17, 2015.  He received a response to that grievance on June 8, 2015.  Plaintiff claims that he gave his Step II appeal to Correctional Officer Kind on June 15, 2015.  Plaintiff alleges that Correctional Officer Kind never turned in his Step II grievance.  Next, Plaintiff claims that he gave a second handwritten Step II appeal to Correctional Officer Holmes.  Plaintiff attached what he purports to be a handwritten copy of the second Step II appeal as an exhibit.  PageID.141.  After

he did not receive a response to either Step II appeals, Plaintiff alleges that he gave his Step III appeal to Kirsten Giesen on July 9, 2015.  Plaintiff never received a response to his Step III appeal.

Based on these allegations, Plaintiff described how he attempted to comply with the MDOC grievance procedure at all three steps.  Furthermore, Defendant Govern failed to file a reply brief or present any evidence contradicting Plaintiff's argument that he attempted to file the Step II and Step III appeals.  Therefore, in the opinion of the undersigned, there is a genuine issue of fact as to whether Plaintiff exhausted all available administrative remedies on his claims related to the events that occurred on May 14, 2015.  *See Ross v. Blake*, 136 S.Ct. 1850, 1859-60 (2016).

Next, Plaintiff describes how he attempted to comply with the MDOC grievance procedure as it relates to the alleged events that occurred on May 20, 2015, and December 16, 2015.  Plaintiff alleges that he gave multiple Step I grievances detailing the events to several correctional officers.  According to Plaintiff, the correctional officers must have not turned the grievances in because he never received any responses.  Plaintiff also alleges that he attempted to file "a notice of intention to file claim" in an attempt to exhaust his state remedies.  PageID.132.

Based on these allegations, Plaintiff failed to exhaust his administrative remedies on the alleged events that occurred on May 20, 2015, and December 16, 2015.  Plaintiff describes only how he attempted to comply with Step I of the grievance process.  Plaintiff never alleged that he attempted to file a Step II or Step III grievance.  According to MDOC Policy Directive 03.02.130 (effective July 9, 2007), Plaintiff should have filed a Step II grievance when he did not receive a timely response to his Step I grievance.  *Id.* at ¶ BB.  Similarly, Plaintiff should have filed a Step III grievance when he failed to receive a timely response to his Step II grievance.  *Id.* at ¶ FF.  Because he never even attempted to comply with the grievance procedure at Step II and Step III, Plaintiff cannot argue that the grievance procedure was not available to him.  Therefore,

in the opinion of the undersigned, Plaintiff failed to exhaust all available administrative remedies relating to his allegations on May 20, 2015, and December 16, 2015.

Accordingly, it is recommended that Defendant Govern's motion for summary judgment (ECF No. 12) be granted in part and denied in part.  Plaintiff's claims relating to the events that occurred on May 20, 2015, and December 16, 2015, should be dismissed for failure to exhaust administrative remedies.  However, Defendant Govern failed to meet his burden to show that Plaintiff did not exhaust his available administrative remedies on his claims related to the events that occurred on May 14, 2015.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:  March ___, 2017

                                                               _____
                                                                TIMOTHY P. GREELEY
                                                                UNITED STATES MAGISTRATE JUDGE