UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

D'ANDRE ALEXANDER,

    Plaintiff,

                                      File No. 2:16-cv-166

v.

                                      HON. GORDON J. QUIST

FRED GOVERN,

    Defendant.
_____/

## ORDER

This is a civil rights action by a prisoner proceeding *pro se*. On March 3, 2017, United States Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R&R"), recommending that Defendant's motion for summary judgment be granted in part and denied in part. (ECF No. 24.) Plaintiff has responded with objections to the R&R. (ECF No. 25.) For the reasons that follow, Plaintiff's objections will be granted and the matter will be remanded to the magistrate judge.

This Court is required to make a *de novo* review of those portions of a R&R to which specific objections are made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Plaintiff objects to the conclusion in the R&R that he failed to exhaust his administrative remedies with respect to incidents occurring on May 20 and December 16, 2015. The magistrate judge concluded that Plaintiff could have filed Step II grievances after he did not receive responses to his Step I grievances. (*Id.* at 6.) Plaintiff contends that this conclusion is in error because he never received a receipt for his Step I grievances. As a result, he was not able to file Step II grievance

appeal forms identifying the Step I grievances. He also asserts that the Grievance Coordinator was refusing to send grievance appeal forms. Thus, he asserts that the grievance process was not "available" to him.

"[A] prisoner is required to exhaust only those procedures that he is reasonably capable of exhausting." *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 625 (6th Cir. 2011). In circumstances similar to this case, where the prisoner did not receive a receipt with a grievance identifier or the prisoner was unable to obtain grievance appeal forms, courts have held that a question of fact exists as to whether the grievance process was reasonably available to the prisoner. *See, e.g.*, *Doe v. Anderson*, No. 15-13852, 2017 WL 1209102, at *9 (E.D. Mich. Mar. 31, 2017) (prisoner did not receive identifier for his grievance); *Johnson v. Alexander*, No. 2:12-CV-429, 2014 WL 1276575, at *2 (W.D. Mich. Mar. 27, 2014) (prisoner did not receive a receipt with a grievance identifier) (Quist, J.); *Travis v. Morgridge*, No. 1:12-CV-96, 2013 WL 227665, at *4 (W.D. Mich. Jan. 22, 2013) (prisoner did not receive a grievance identifier or the forms necessary to file an appeal) (Quist, J.); *see also Boulding v. Corr. Med. Servs.*, No. 1:06-CV-811, 2007 WL 172493, at *3 n.2 (W.D. Mich. Jan. 19, 2007) (deciding on initial review of the complaint that prisoner exhausted a claim because he alleged that his grievances were ignored by staff; in support of this allegation, the plaintiff submitted a copy of grievance without a grievance identifier on it). Likewise, a question of fact exists in this case as to whether Plaintiff exhausted available remedies regarding the events occurring on May 20 and December 16, 2015.

Questions of fact regarding exhaustion under the Prison Litigation Reform Act are to be determined by the court and not the jury. *Travis*, 2013 WL 227665, at *5; *see Lee v. Willey*, 789 F.3d 673, 678 (6th Cir. 2015) ("[D]isputed issues of fact regarding exhaustion under the PLRA present[] a matter of judicial administration that could be decided in a bench trial."). As the Court did in

*Travis*, the Court will remand this matter to the magistrate judge for a determination as to exhaustion.

Accordingly,

**IT IS ORDERED** that Plaintiff's objections to the R&R (ECF No. 25) are **GRANTED**.

**IT IS FURTHER ORDERED** that the R&R (ECF No. 24) is **REJECTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (ECF No. 12) is **REMANDED** to the magistrate judge for a report and recommendation on the issue of exhaustion. The magistrate judge may elect to further develop the record by affording Defendant an opportunity to submit evidence addressing Plaintiff's claim that he was prevented from exhausting his available administrative remedies and/or holding an evidentiary hearing on the issue of exhaustion, if the magistrate judge deems a hearing is warranted.

Dated: May 18, 2017  /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE